IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs February 27, 2018

## TRACY LEBRON VICK v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 215412     Don W. Poole, Judge**

_____

### No. E2017-01333-CCA-R3-PC

_____

The Petitioner, Tracy Lebron Vick, pleaded guilty to second degree murder and received a forty-year sentence. Nineteen years after his sentencing, he filed a petition for post-conviction DNA analysis. The post-conviction court denied relief. On appeal, the Petitioner contends that the post-conviction court erred. We affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., J., joined. JAMES CURWOOD WITT, JR., J., not participating.

Tracy Lebron Vick, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; M. Neal Pinkston, District Attorney General; for the appellee, State of Tennessee.

### OPINION

The Petitioner's conviction relates to the September 20, 1996 death of Melva Moore, whom the Petitioner shot as he attempted to enter Ms. Moore's home to rob her boyfriend. The Petitioner was charged with first degree murder and agreed to plead guilty to second degree murder as a Range II offender. The trial court imposed a maximum, forty-year sentence to be served consecutively to the sentence for a prior conviction. The Petitioner appealed the length of his sentence and the imposition of consecutive sentencing, and this court affirmed the trial court's judgment. *See State v. Tracy Lebron Vick*, No. 03C01-9803-CR-00100, 1999 WL 652452 (Tenn. Crim. App. Aug. 27, 1999), *perm. app. denied* (Tenn. Feb. 28, 2000). The Petitioner later pursued post-conviction relief, which was denied. *See Tracy Lebron Vick v. State*, No. E2002-

01761-CCA-R3-PC, 2003 WL 21172319 (Tenn. Crim. App. May 20, 2003), *perm. app. denied* (Tenn. Oct. 6, 2003).

In May 2017, the Petitioner filed the present petition for post-conviction DNA analysis pursuant to Tennessee Code Annotated sections 40-30-301 to -313. The petition alleged that the Petitioner had been notified by the district attorney in July 2016 of the existence of unanalyzed physical evidence collected during the victim's autopsy. The evidence consisted of a bullet fragment, head hair, and pubic hair. The Petitioner stated his belief that DNA and ballistic testing would show that he was not the shooter and would demonstrate that any minimal level of involvement which might be attributed to him would be insufficient to support a conviction of first or second degree murder. He requested DNA analysis of the evidence.

The post-conviction court denied the petition on the basis that no reasonable probability existed that a DNA analysis would have rendered the verdict or sentence more favorable for the Petitioner if the results had been available in the conviction proceedings. *See* T.C.A. § 40-30-305(1) (2012). The court relied upon this court's opinion in the appeal of the Petitioner's conviction, in which the following facts were recited:

> The defendant and two armed accomplices went to the home of the victim, Ms. Melva Moore, on September 20, 1996, to rob Moore's boyfriend. The defendant went to the back door of Moore's home carrying a loaded .357 revolver with the hammer cocked. When the defendant opened the door, he met Moore on her way outside. The defendant pushed the door open with the gun and shot Moore in the chest. Moore staggered to the living room of the house where she was found dead. The defendant claimed he did not intend to shoot Moore, but Moore slammed the door on his arm and the gun went off. When he heard the shot, the defendant ran. He was arrested six days later and charged with first degree murder.

*See Tracy Lebron Vick*, 1999 WL 652452, at *1. The post-conviction court stated, "Thus, by the petitioner's own admission, he was the shooter. The only issue was the petitioner's *mens rea*, his intent to rob the victim's boyfriend, an issue on which DNA evidence is not probative." The court denied the Petitioner's request for post-conviction DNA analysis.

On appeal, the Petitioner contends that the post-conviction court erred in dismissing the petition without a response from the State, appointing counsel, conducting

a hearing, and ordering DNA testing. The State contends that the court did not err. We agree with the State.

The Post-Conviction DNA Analysis Act of 2001 provides that persons convicted of second degree murder, among other offenses,

> may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

T.C.A. § 40-30-303 (2012). The Act further provides that if certain factors exist, testing shall be mandatory:

> After notice to the prosecution and an opportunity to respond, the court shall order DNA analysis if it finds that:
>
> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
>
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
>
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
>
> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Id. § 40-30-304 (2012).

In other instances, testing is discretionary, provided the following factors exist:

> (1) A reasonable probability exists that analysis of the evidence will produce DNA results that would have rendered the petitioner's verdict or

sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis, or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

*Id.* § 40-30-305 (2012).

A post-conviction court is not required to hold a hearing in order to determine whether to grant a petition for DNA testing. *Powers v. State*, 343 S.W.3d 36, 56 (Tenn. 2011). The court must dismiss the petition if the petitioner fails to establish each of the four criteria required pursuant to Code section 40-30-304 or 40-30-305. *Id.* at 48. The court's determination is not subject to reversal unless it is unsupported by substantial evidence. *See Charles E. Jones v. State*, No. W2014-02306-CCA-R3-PC, 2015 WL 3882813, at *3 (Tenn. Crim. App. June 24, 2015), *perm. app. denied* (Tenn. Sept. 21, 2015); *Willie Tom Ensley v. State*, No. M2002-01609-CCA-R3-PC, 2003 WL 1868647, at *4, n.2 (Tenn. Crim. App. Apr. 11, 2003).

We address, first, the Petitioner's complaints regarding the procedure followed in the post-conviction court. He claims that the court erred in denying the petition before a response was filed by the State. The Act provides that the court shall determine whether to order DNA analysis "[a]fter notice to the prosecution and an opportunity to respond[.]" T.C.A. §§ 40-30-304(1), 40-30-305(1). The record reflects that the petition contained a certificate of service indicating the district attorney general was served by mail with a copy of the petition. Thus, the State received notice of the filing. The Act, however, does not compel that the State file a response or that the post-conviction court await a response before ruling. *See* T.C.A. §§ 40-35-304(1), 40-30-305(1); *Antonio Leonard Sweatt v. State*, No. M2006-00289-CCA-R3-PC, 2007 WL 1364651, at *4 (Tenn. Crim. App. May 9, 2007) (stating that a claim that the State failed to file a response is not a cognizable issue), *perm. app. denied* (Tenn. Sept. 24, 2007).

The Petitioner also complains that the post-conviction court did not appoint counsel to assist him. The Act provides that the court "may" appoint counsel for an indigent petitioner. T.C.A. § 40-30-307 (2012); *see Antonio Leonard Sweatt*, at \*4 (stating that no cognizable issue exists regarding a post-conviction court's failure to appoint counsel in a petition for post-conviction DNA analysis). Thus, the court was not required to appoint counsel. We note, as did the post-conviction court, that the Petitioner did not file an affidavit of indigency with his petition, a necessary prerequisite for the discretionary appointment of counsel.

The Petitioner also complains that the post-conviction court failed to conduct a hearing. Our supreme court has said that the Act does not require a court to hold a hearing on the issue of whether to grant a request for DNA testing. *See Powers*, 343 S.W.3d at 56.

We turn to the merits of the post-conviction court's denial of the Petitioner's request for DNA testing. The court's order denying relief states, in pertinent part:

> The Court finds that the first requirement for mandatory or conditional DNA analysis, the existence of a reasonable probability of either non-prosecution or non-conviction or at least a more favorable verdict or sentence as a result of exculpatory DNA evidence, is not met. The summary of the factual basis for the plea in the opinion of the Court of Criminal Appeals affirming the sentence reflects that the identity of the shooter was not an issue.
>
> . . .
>
> . . . [B]y the petitioner's own admission, he was the shooter. The only issue was the petitioner's *mens rea*, his intent to rob the victim's boyfriend, an issue on which the DNA evidence is not probative.

In the petition, the Petitioner stated the following regarding his request for DNA testing:

> Mr. Vick's initial defense was that he was not the person who shot the victim and it was the statements of his co-defendants, both of whom received favorable pleas for statements and testimony against him, that turned the case against him and hence – with no evidence to the contrary and the promise and hope of a lenient sentence – motivated his plea and having to accept responsibility for the shooting.

-5-

No firearm was taken from Mr. Vick and the firearms that were recovered were those of the co-defendants.

. . .

Mr. Vick submits that he is of the belief that DNA and ballistic testing of the above noted evidence [bullet fragment, head hair, pubic hair] will substantiate his position and prove his innocence that he was not the shooter in this case and hence follows his substantial position that any minimal level of involvement that might attempt to be attributed to him is not substantial enough for a conviction of felony first or second degree murder and that is even under a theory of criminal responsibility.

The petition does not explain the Petitioner's theory of how DNA analysis could exculpate him. We note that although the Petitioner stated that ballistic testing was needed, the Post-Conviction DNA Analysis Act does not authorize such testing. *See* T.C.A. §§ 40-30-301 to -313. To the extent that the Petitioner seeks a court order for DNA analysis, he has failed to allege how the results, if favorable to him, would demonstrate a reasonable probability (1) that he would not have been prosecuted or convicted or (2) that the verdict or sentence would have been more favorable to him if the results had been available in the conviction proceedings. *See id.* §§ 40-30-304(1), -305(1). We question how DNA evidence showing the presence of a third party's DNA on the victim's head hair or pubic hair or on the bullet fragment could demonstrate that the Petitioner was not the shooter. *See Devon M. Crawford v. State*, No. W2010-01676-CCA-R3-PC, 2011 WL 2448925, at *4 (Tenn. Crim. App. June 20, 2011) (denying relief, in part, because the potential presence of a third party's DNA inside the victim's vehicle or the crime scene would not exonerate the petitioner; such evidence would merely establish that a third party had been in the victim's car, at the scene, or in contact with the victim at some point), *perm. app. denied* (Tenn. Oct. 18, 2011). The Petitioner alleges that "any minimal level of involvement that might attempt to be attributed to him is not substantial enough for a conviction of felony first or second degree murder and that is even under a theory of criminal responsibility." However, the Petitioner does not contend that he was not a participant in the plan to rob the victim's boyfriend or that he did not go to the victim's home with his codefendants in furtherance of the planned robbery.

As we have stated, the post-conviction court determined that the Petitioner failed to establish a reasonable probability (1) that he would not have been prosecuted or convicted or (2) that the verdict or sentence would have been more favorable to him if the

DNA analysis results had been available in the conviction proceedings, and the court denied relief on this basis. Upon review, we conclude that the court's determination is supported by substantial evidence. Because a petitioner must show the existence of all four factors listed in Code section 40-30-304 or 40-30-305 before a post-conviction court may order DNA analysis of untested evidence, the court did not err in denying relief upon the Petitioner's failure to establish the first prerequisite under either statutory provision.

      In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

                                      _____

                                       ROBERT H. MONTGOMERY, JR., JUDGE